BORNEMAN, Respondent, v. SCHILT, Appellant.

(220 N. W. 471.)

(File No. 6067. Opinion filed July 7, 1928.)

*Johnson & Simons,* of Sioux Falls, for Appellant.
*Ellwood & Knight,* of Sioux Falls, for Respondent.

POLLÆY, J. This is an appeal from the municipal court of Sioux Falls. Defendant is a building contractor, and at the time of the making of the contract involved was building a schoolhouse at Freeman. Plaintiff was a plasterer and entered into a contract with defendant to plaster the said schoolhouse. The contract provided that the plastering was to be done according to plans and specifications prepared and furnished by the architect. The specifications called for a three-coat job. Plaintiff entered upon the work, but instead of putting on three coats of plaster, as called for by the specifications, proceeded to put the finishing coat on the first coat, making a two-coat job instead of a three-coat, and in other ways failed to comply with the specifications. When this fact was learned by the architect, he immediately stopped the work, and defendant refused to permit plaintiff to proceed further with the job. Defendant paid plaintiff in full for what work he had done. The total amount called for by the contract was $1,400; the amount paid by defendant was $871.60. Plaintiff claimed he could have completed the job at an additional cost of $128.13, leaving him a profit of $400.27, and asks judgment for that amount; though whether he could have finished the work, according to the plans and specifications, for this amount, does not appear. In a second cause of action he asks judgment for $45 for extra work he claims to have performed. The case was tried by the court without a jury. Findings and judgment were for plaintiff, and defendant appeals.

One of the grounds on which defendant asks for a reversal of the judgment is the insufficiency of the evidence to support the findings of fact and judgment. Respondent does not claim that he was performing the work according to the specifications referred to in the contract, but claims that in doing two-coat work he was following the directions of defendant's foreman who was in immediate charge of the construction of the building. There is no evidence tending to show that said foreman had authority to change the specifications or to authorize the work to be performed otherwise than as specified, and such directions by said foreman, if they were given, furnished the plaintiff with no excuse for not doing the work according to the terms of the contract. Defendant was fully justified in stopping the kind of work plaintiff was doing, and, in the absence of an offer on the part of plaintiff to do the work according to the contract, defendant was fully justified in dismissing plaintiff from the job.

Plaintiff's second cause of action is based upon the allegation that he was obliged to move the sand used in the plastering a greater distance than is customary for a plasterer to move the sand he uses when plastering. It is not necessary to determine this question, because the evidence shows, and plaintiff admits, that defendant paid him for all the work he did on the job. This includes pay for moving sand.

The judgment and order appealed from are reversed.

BURCH, P. J., and SHERWOOD and BROWN, JJ., concur.
CAMPBELL, J., not sitting.